## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Vitamins Antitrust Litigation | Misc. No. 99-0197 (TFH)<br>MDL No. 1285 |
| This filing relates to:<br><br>Animal Science Products, Inc., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>Chinook Group, Ltd., et al.,<br><br>        Defendants. | |

**Memorandum in Support of Class Plaintiffs' Motion for Final Approval
of Proposed Settlement with DCV, Inc. and DuCoa L.P.**

# TABLE OF CONTENTS

I.     Introduction ................................................................................................... 1

II.    Background ..................................................................................................... 1

       A.    The Choline Chloride Class Action..................................................... 1

       B.    Negotiation of the Proposed Settlement................................................ 2

       C.    The Settlement Agreement................................................................... 3

       D.    Preliminary Approval........................................................................... 4

III.   Argument......................................................................................................... 4

       A.    Standard for Granting Final Approval.................................................. 4

       B.    The Court Should Grant Final Approval to the Proposed Settlement... 5

             1.    The Proposed Settlement is the Product of Arm's-Length
                   Negotiations by Experienced Counsel ............................................ 5

             2.    The Proposed Settlement Represents the Greatest Possible
                   Recovery from DCV and DuCoa ......................................................... 6

             3.    The Proposed Settlement Follows Trial and Significant
                   Post-Judgment Discovery ................................................................... 7

             4.    No Member of the Choline Chloride Class Has Objected to the
                   Proposed Settlement ........................................................................... 8

             5.    Experienced Counsel Believe the Proposed Settlement is Fair,
                   Reasonable, and Adequate ................................................................ 8

       C.    The Court Should Approve Payment of Notice and Administration
             Costs from the Choline Chloride Settlement Fund............................8

III.   Conclusion ...................................................................................................... 9

## I.  INTRODUCTION

Class Plaintiffs, by their undersigned counsel, respectfully request that the Court grant final approval to the proposed settlement between the Choline Chloride Class Plaintiffs and Defendants DCV, Inc. and DuCoa L.P. The proposed settlement (1) is the product of arm's-length negotiations; (2) represents the greatest possible recovery from DCV and DuCoa; (3) follows trial and significant post-judgment discovery; (4) has drawn no objections; and (5) is fair, reasonable, and adequate in the opinion of experienced counsel. It therefore merits final approval.

## II.  BACKGROUND

The proposed settlement would resolve this litigation with the last remaining Choline Chloride Defendants, DCV and DuCoa. Because those defendants cannot afford to pay the outstanding judgment of over $70 million, they have agreed to transfer essentially all of their assets to the Class in exchange for satisfaction of the judgment.

### A.  The Choline Chloride Class Action

This case arises out of a worldwide conspiracy to fix prices and allocate markets for the sale of Choline Chloride, also known as Vitamin B4. After Class Counsel initiated this litigation, the conspiracy began to unravel and the details of the defendants' conduct became known. This led to numerous guilty pleas by conspirators, including DuCoa and three of its employees. *See United States v. Rose*, 449 F.3d 627, 629 (5th Cir. 2006) (affirming conviction of a fourth DuCoa employee). DCV is the sole general partner of DuCoa.

This Court certified the Choline Chloride Class on February 25, 2002, defining it as follows:

> All persons and entities who directly purchased choline chloride for delivery in the United States from any of the defendants or their co-conspirators from January 1, 1988 through September 30, 1998. Excluded from the class are all governmental entities, defendants, and other manufacturers of vitamins, vitamin premixes and bulk vitamin products, and their respective subsidiaries and affiliates.

*In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 256 (D.D.C. 2002). The Class reached relatively early settlements with three of the Defendants: BASF ($5 million), Akzo Nobel ($7.5 million), and UCB ($9 million).

After a trial concluding on June 13, 2003, the jury returned a verdict against DCV, DuCoa, Mitsui & Co., Ltd., and Mitsui & Co. (U.S.A.), Inc., and awarded the Class damages of $49,539,234. Following the verdict, Mitsui and its subsidiary, Bioproducts, Inc., agreed to a $53 million settlement. Subsequently, the Class settled with another Defendant, Chinook, for $3 million.

DCV and DuCoa filed post-trial motions, which this Court denied on June 15, 2005. *See* Mem. Op., Docket No. 4795. The Court then entered judgment against DCV and DuCoa – the only remaining Defendants – for $70,910,886.92 plus interest running from June 20, 2003. *See* Judgment, Docket No. 4801 (judgment after trebling the verdict and subtracting prior settlements as well as a $236,816.08 payment from DCV and DuCoa that has since been distributed to class members).

### B.   Negotiation of the Proposed Settlement

Following entry of the judgment, Class Plaintiffs' Co-Lead Counsel, with the assistance of forensic accountants, engaged in extensive discovery regarding the

assets of DCV and DuCoa. This discovery included the review of financial data, tax returns, and other documents. Class Plaintiffs' Co-Lead Counsel learned that DCV and DuCoa had very few assets, mainly consisting of a small amount of cash, a $4,419,395.86 promissory note from Arkion Life Sciences, LLC, and a 21.334 percent membership interest in Arkion.

DCV and DuCoa indicated their willingness to transfer essentially all of their assets to the Class in exchange for a release and satisfaction of the judgment. They would retain only enough cash to wind down their affairs. After arm's-length negotiations about the terms, the parties entered into a Settlement Agreement on October 16, 2008.

### C.    The Settlement Agreement

Pursuant to the Settlement Agreement, which is attached as Exhibit A, DCV and DuCoa deposited into an escrow account $6,000 in cash and fully-executed assignment documentation transferring their other assets to the Class. *See* Settlement Agreement ¶ 5. DCV and DuCoa represent to the best of their knowledge that these assets—which include the Arkion note, Arkion membership interest, and other assets listed on Schedule 1 to the Settlement Agreement—are their only assets. *See id.* ¶ 7. If the Court approves the proposed settlement, the parties will cooperate in completing any additional steps necessary to transfer the assets to the Class. *See id.* ¶ 8.

In exchange, the Class will have the judgment marked satisfied and will release its claims against DCV and DuCoa. *See id.* ¶¶ 9, 13. However, this release

will not apply to Arkion or Arkion's employees, officers, or directors (some of whom were previously employees, officers, or directors of DCV or DuCoa). *See id.* ¶ 13.

Finally, if any of the assets cannot successfully be transferred to the Class, then Class Plaintiffs' Co-Lead Counsel have the option to void the Settlement Agreement, in which case the judgment will not be marked satisfied. *See id.* ¶ 9.

### D.    Preliminary Approval

On January 27, 2009, the Court granted preliminary approval to the proposed settlement, finding that it "is sufficiently within the range of possible approval such that notice should be given" to class members. Order Preliminarily Approving Settlement with DCV, Inc. and DuCoa L.P. ("Preliminary Approval Order"), Docket No. 4848, ¶ 1. Pursuant to the Court's order, Class Plaintiffs' Co-Lead Counsel caused notice to be "mailed to all Choline Chloride Class members who received mailed notice of an earlier settlement in this litigation or who submitted a claim form in one of those settlements," which the Court found to be "the best means of providing notice practicable under the circumstances." *Id.* ¶¶ 2, 4; *see also* Ex. B, Affidavit of Edward J. Sincavage ("Sincavage Aff.") ¶ 2.

Any objections were due to be filed by April 2, 2009. *See* Preliminary Approval Order, ¶ 8. No member of the Choline Chloride Class has objected to the proposed settlement.

## III.    ARGUMENT

### A.    Standard for Granting Final Approval

Approval of the proposed settlement "lies within the discretion of this Court." *In re Vitamins Antitrust Litig.*, 305 F. Supp. 2d 100, 103 (D.D.C. 2004). Although

4

the Court should "eschew any rubber stamp approval," it must "stop short of the detailed and through investigation that it would undertake if it were actually trying the case." *Id.* (quoting *United States v. District of Columbia*, 933 F. Supp. 42, 47 (D.D.C. 1996)). In addition, there is a "long-standing judicial attitude favoring class action settlements," and this "principle of preference" should be considered in the Court's analysis. *Id.* (quoting *Pigford v. Glickman*, 185 F.R.D. 82, 103 (D.D.C. 1999).

A class action settlement must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). While there is no "single test" used in this Circuit, courts generally consider "(a) whether the settlement is the result of arm's length negotiations; (b) the terms of the settlement in relation to the strength of plaintiffs' case; (c) the status of the litigation at the time of settlement; (d) the reaction of the class; and (e) the opinion of experienced counsel." *Id.* at 103-04 (footnotes omitted).

### B.     The Court Should Grant Final Approval to the Proposed Settlement

The Court should grant final approval because the proposed settlement (1) is the product of arm's-length negotiations; (2) represents the greatest possible recovery from DCV and DuCoa; (3) follows trial and significant post-judgment discovery; (4) has drawn no objections; and (5) is fair, reasonable, and adequate in the opinion of experienced counsel.

### 1.     The Proposed Settlement is the Product of Arm's-Length Negotiations by Experienced Counsel

Class Plaintiffs' Co-Lead Counsel negotiated the proposed settlement at arm's length with counsel for DCV and DuCoa after extensive discovery regarding the companies' assets. For this reason, the proposed settlement should be afforded a

"presumption of fairness, adequacy, and reasonableness." *In re Lorazepam & Clorazepate Antitrust Litig.*, MDL Docket No. 1290 (TFH), 2003 U.S. Dist. LEXIS 12344, at *7 (D.D.C. June 16, 2003).

As with earlier settlements in this litigation, "there is nothing in the course of the negotiations or the fact of the Settlement that disclose[s] grounds to doubt its fairness." *Vitamins*, 305 F. Supp. 2d at 104 (citation and internal quotation marks omitted); *see also Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 565 F. Supp. 2d 49, 55 (D.D.C. 2008) ("The Court has been presented with absolutely no evidence that the settlement is anything other than the product of arm's-length negotiation between experienced counsel.").

### 2. The Proposed Settlement Represents the Greatest Possible Recovery from DCV and DuCoa

DCV and DuCoa cannot afford to pay the judgment of over $70 million. The proposed settlement—under which DCV and DuCoa will transfer essentially all of their assets to the Class—therefore represents the greatest possible recovery from these defendants. *See In re Nat'l Student Marketing Litig.*, 68 F.R.D. 151, 155-56 (D.D.C. 1974) (approving settlement under which the defendant would issue shares of stock to class members when it did not have the ability to make a cash payment and could otherwise be forced into bankruptcy).

Significantly, the Class has received nearly $78 million in payments from Defendants in the Choline Chloride litigation—over one and one-half times the damages they sustained from the cartel, as estimated by Class Plaintiffs' expert. Thus, even though Class Members will not collect on the entire outstanding

judgment, they have already been made whole through the earlier settlements in this case. Indeed, Class Members have received over $230,000 from DCV and DuCoa themselves.

Although the proposed settlement will not result in a fund that can be immediately distributed to Class Members, it will allow Class Plaintiffs' Co-Lead Counsel to seek additional money for the benefit of the Class. If the Court approves the proposed settlement, Class Plaintiffs' Co-Lead Counsel can attempt to recover the amount owed by Arkion on the note or otherwise seek to maximize the value of DCV and DuCoa's assets. If they are successful, Class Members will benefit. Approval of the proposed settlement would enable this process to begin.

Class Counsel seek no fees from this proposed settlement with DCV and DuCoa. However, Class Counsel may seek fees if a significant recovery is achieved from Arkion.

### 3. The Proposed Settlement Follows Trial and Significant Post-Judgment Discovery

This is the final class settlement in this litigation, coming after "years of investigation and litigation," including full discovery and trial. *Vitamins*, 305 F. Supp. 2d at 106. Class Plaintiffs' Co-Lead Counsel also engaged in significant post-judgment discovery regarding the extent of DCV and DuCoa's assets. *See Meijer*, 565 F. Supp. 2d at 58 ("The Court therefore concludes that, at the time settlement was reached, both parties possessed well-founded views of the merits of their respective positions and the potential for, and likely amount, of any recovery.").

### 4. No Member of the Choline Chloride Class Has Objected to the Proposed Settlement

The reaction of the Choline Chloride Class further supports final approval. Here, more than 9700 notices were sent to class members who received mailed notice of an earlier settlement in this litigation or who submitted a claim form in one of those settlements. *See* Sincavage Aff. ¶ 2. Not a single class member has objected to the proposed settlement. *See Vitamins*, 305 F. Supp. 2d at 105 (approving settlement after no class members objected); *Meijer*, 565 F. Supp. 2d at 58 (same).

### 5. Experienced Counsel Believe the Proposed Settlement is Fair, Reasonable, and Adequate

This Court has remarked that Class Plaintiffs' Co-Lead Counsel "are among the best and most experienced antitrust litigators in the country," and has given weight to their opinion regarding prior settlements in this litigation. *Vitamins*, 305 F. Supp. 2d at 106. It should do so again. *See Stewart v. Rubin*, 948 F. Supp. 1077, 1099 (D.D.C. 1996) (noting that courts should generally "defer to the judgment of experienced counsel" in ruling on proposed class action settlements), *aff'd*, 124 F.3d 1309 (D.C. Cir. 1997).

### C. The Court Should Approve Payment of Notice and Administration Costs from the Choline Chloride Settlement Fund

The Court's preliminary approval order authorized Class Plaintiffs' Co-Lead Counsel to withdraw up to $6,000 from the Settlement Fund for the costs of notice without the need for further approval from the Court. In fact, notice costs were $12,080.27 and escrow fees were $750. *See* Exhibits C and D.

8

In addition to the $6,000 deposited into escrow by DCV and DuCoa, $4,755.04 remains in the Choline Chloride Settlement Fund, representing interest and money left over from the last distribution approved by the Court. Accordingly, Class Plaintiffs request that the Court approve payment from the Settlement Fund of $750 to the Escrow Agent and an additional $4005.04 to the Claims Administrator (for a total of $10,005.04 toward its outstanding invoice).

## III.   CONCLUSION

Because the proposed settlement is fair, reasonable, and adequate, the Court should grant final approval and enter the proposed order submitted herewith.

Dated: April 17, 2009.                    Respectfully submitted,

                                          */s/ Brent W. Landau*
                                          Michael D. Hausfeld
                                          Brian A. Ratner
                                          Brent W. Landau
                                          HAUSFELD LLP
                                          1700 K Street, NW
                                          Suite 650
                                          Washington, DC 20006
                                          Telephone:  (202) 540-7200

                                          Jonathan D. Schiller
                                          William A. Isaacson
                                          BOIES, SCHILLER & FLEXNER L.L.P.
                                          5301 Wisconsin Avenue, N.W., Suite 800
                                          Washington, D.C. 20015
                                          Telephone:  (202) 237-2727

                                          Stephen D. Susman
                                          James T. Southwick
                                          SUSMAN GODFREY L.L.P.
                                          1000 Louisiana Street, Suite 5100

Houston, TX 77002
Telephone: (713) 651-9366

*Co-Lead Counsel for Class Plaintiffs*