UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE VITAMINS ANTITRUST LITIGATION | Misc. No. 99-0197 (TFH)<br>MDL No. 1285 |
| This filing relates to:<br><br>Animal Science Products, Inc., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Chinook Group, Ltd., et al.,<br><br>Defendants. | |

### Final Order Approving Settlement with DCV, Inc. and DuCoa L.P.

For the reasons discussed during the hearing held today in open court, the Court hereby **GRANTS** the Class Plaintiffs' Motion for Final Approval of Proposed Settlement with DCV, Inc. and DuCoa L.P. [4849]. Accordingly, the Court **FINDS** as follows:

1. The notice to Choline Chloride Class Members required by Federal Rule of Civil Procedure 23(e), including but not limited to the form of notice and the means of identifying and giving notice to Choline Chloride Class Members, has been given in an adequate and sufficient manner and constitutes the best notice practicable, complying in all respects with such rule and the requirements of due process.

2. The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement, to which no Choline Chloride Class member has objected.

3. Arm's length negotiations have taken place in good faith between Plaintiffs' Co-Lead Counsel and the Settling Defendants and have resulted in the proposed settlement, as provided in the Settlement Agreement.

4. The settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, and adequate and in the best interests of the Choline Chloride Class Members.

In addition, it is **ORDERED** that:

A. The settlement is finally approved pursuant to Federal Rule of Civil Procedure 23(e).

B. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

C. The terms of the Settlement Agreement are incorporated by reference as though fully set forth herein.

D. Without affecting the finality of this Order, the Court hereby retains jurisdiction of this settlement and this Settlement Agreement, including the administration and consummation of the settlement and the determination of issues relating to attorneys' fees and expenses and distribution to Choline Chloride Class Members, and hereby retains exclusive jurisdiction for purposes of any suit, action, or proceeding arising out of or relating in any way to this Order, the settlement, the Settlement Agreement and/or the applicability of the Settlement Agreement, and the Settling Defendants and each of the Choline Chloride Class Members shall hereby be deemed to have consented to such exclusive jurisdiction of the Court for such purposes.

E. The Court approves payment from the Settlement Fund of $750 to the Escrow Agent and an additional $4005.04 to the Claims Administrator (for a total of $10,005.04 toward its outstanding invoice).

F. The Court authorizes Class Plaintiffs' Counsel to take whatever steps, in their discretion, they deem appropriate to maximize the value of the Settlement Consideration without the need for further approval from the Court, including but not limited to: (a) selling, leasing, or transferring assets; (b) initiating, litigating, or settling an action in any court of competent jurisdiction; and (c) entering into any settlement (including with Arkion Life Sciences, LLC, its members, or its creditors) to obtain recovery on the Arkion Note or the Arkion Interest.

May 4, 2009

Thomas F. Hogan
United States District Judge